NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1233

OLEH WERES,

Plaintiff-Appellant,

v.

NANCY H. WERES,

Defendant-Appellee.

_____

DECIDED: January 11, 2005

_____

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judge.

PER CURIAM.

Oleh Weres appeals from the judgment of the United States District Court for the Northern District of California dismissing his complaint. Weres v. Weres, No. 03-2738 (N.D. Cal. Jan. 8, 2004). We affirm.

I

Oleh Weres and Nancy Weres were once married, but were divorced in California. Pursuant to orders of the Superior Court of California in Napa County, the community property of the couple was settled by stipulating that Nancy and Oleh are co-owners of four issued patents, and co-owners of any rights or benefits that may result from a pending application for a fifth patent. The Superior Court also decreed that each co-owner was barred from licensing or otherwise transferring any interest in the subject

patents without the written consent of the other owner. Any monetary benefits flowing from the subject patents also were decreed to require mutual consent, and both parties were bound to sign any documents necessary to register the joint ownership of the subject patents. The order of the Superior Court did not refer to which party would shoulder the financial burden of maintaining registration of the patents. The order did provide that the court retained jurisdiction to make any further orders necessary to carry out and enforce the terms and conditions of the settlement.

Oleh Weres appealed the property settlement order of the Superior Court to the Court of Appeal of the State of California, First Appellate District, Division One. On appeal, Oleh Weres challenged the authority of the Superior Court to award joint ownership of the patents as a division of community property. He also challenged as illegal under California law the provisions of the property settlement order that required him to get permission from the co-owner to license or assign the patents, to share the economic fruits of the patents, and to sign jointly any required filings. The appellate court rejected both contentions, holding as to the latter that "[t]hese provisions are standard, proper and well within the trial court's discretion. If respondent [Mrs. Weres] were to impede the development of these community assets, the court has the power to take appropriate action." Weres v. Weres, No. A090448, slip op. at 10 (Cal. Ct. App. Apr. 23, 2001).

On April 23, 2001, the appellate court sustained in full the property settlement orders of the Superior Court.

Subsequently, Oleh Weres filed suit in the federal district court, seeking to collaterally attack the judgment of the California appellate court. In his complaint, he alleged that the court had jurisdiction under 28 U.S.C. § 1338(a) (general patent law jurisdiction) and more particularly under 35 U.S.C. § 262 (providing for joint ownership of patents). He alleged that the California divorce court exceeded its authority by requiring him to share the benefits of the patents with his former spouse. According to Oleh Weres, the divorce court had power to divide ownership of the patents, but lacked authority to place any conditions on joint ownership. Because section 262 provides that a joint owner, absent "any agreement to the contrary," is free to "make, use, offer to sell, or sell the patented invention . . . without the consent and without accounting to the other owners," Oleh Weres sought orders from the federal district court that would prohibit his co-owner from taking any steps to interfere with his sole use and enjoyment of the co-owned patents. Under Oleh Weres's theory, the provisions of the property settlement that required sharing the fruits of the patents were null and void, leaving only the provision for joint ownership. According to Oleh Weres, there is no "agreement to the contrary" that impedes his right to refuse to share the benefits of ownership with his former spouse. He also sought $1833.25 as Nancy Weres's share of the maintenance fees and other costs incurred to perfect and maintain the patents.

III

The district court concluded that Oleh Weres failed to establish that section 262 creates a private cause of action to deliver the relief sought in the complaint, and even if section 262 could be viewed to sustain jurisdiction, the district court held that Oleh

Weres's suit is simply a collateral attack on a final state court judgment, in contravention of the Rooker/Feldman doctrine, which holds that United States district courts do not have jurisdiction over challenges to state court decisions. Rooker v. Fidelity Trust Co, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482-83 (1983). Because the very terms of the settlement agreement that Oleh Weres contends, in federal court, are null and void have been held to be lawful by the California courts, Oleh Weres is barred from relitigating those issues. Unless he succeeds in voiding the provisions he dislikes, he cannot enjoy co-ownership without cooperating with his former spouse. The terms of the divorce property settlement that restrict Oleh Weres's rights as a co-owner constitute an "agreement to the contrary" under section 262.

IV

We need not decide whether there is any instance in which section 262 creates an independent patent law cause of action over which a United States district court would have jurisdiction, for it is certain that in this case any such jurisdiction would be ousted by the Rooker/Feldman doctrine. Oleh Weres has had his day in court in California seeking to upset the terms of the property settlement agreement. As a matter of California law, he is simply wrong that the divorce court lacks power to affect the incidents of patent ownership after having divided the ownership interest. Since at least Lorraine v. Lorraine, 8 Cal. App. 2d 687 (3d Dist. 1935), California courts have both divided patent ownership and apportioned the benefits of ownership.

Oleh Weres's wish that his former spouse share the maintenance costs of the patent, while somewhat inconsistent with his primary view that he need not share any of

the benefits of the patents, is also overwhelmed by the <u>Rooker</u>/<u>Feldman</u> doctrine, as the district court held. The divorce court's orders specifically provide the avenue of relief Oleh Weres seeks regarding these costs: he must retreat to the California courts with his prayer for relief, for any relief granted by a United States district court would contravene the order of the state court.

For these reasons, we affirm the judgment of the district court dismissing the complaint.

No costs.